**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ABDUL A. JALUDI,** | : |
| **Plaintiff** | : **CIVIL ACTION NO. 3:15-2076** |
| **v.** | : **(JUDGE MANNION)** |
| **CITIGROUP,** | : |
| **Defendant** | : |

## MEMORANDUM

Pending before the court is the report of the magistrate judge to whom this matter had been referred for all pre-trial matters. (Doc. 33). The report recommends that the defendant's motion to compel arbitration and dismiss or stay the plaintiff's complaint, (Doc. 15), be granted in part and denied in part. Upon review of the report and the parties' filings in response thereto, the court will adopt the report in part and decline to adopt the report in part.

By way of relevant background, on October 27, 2015, the plaintiff, proceeding *pro se*, filed the instant action against the defendant claiming that his termination from employment as a senior vice president of a global team was in retaliation for exposing the defendant's ethical violations. (Doc. 1). The plaintiff alleges that he was employed by the defendant for twenty-four years over a twenty-six year period, starting as an entry level tape operator and progressing to the senior vice president managing a global team. In early 2010, the plaintiff alleges that he discovered ethical violations which he reported to various officials both inside of the defendant's company and to

outside regulatory agencies. Subsequently, the plaintiff alleges that he was continually demoted until he was placed in an entry level administrator position. After being essentially shut out from any meaningful participation in the defendant's employ, the plaintiff alleges that he was terminated from his employment with the defendant on April 21, 2013. The plaintiff is seeking relief by way of the instant action pursuant to the provisions of the Sarbanes-Oxley Act of 2002, ("SOX"), 18 U.S.C. §1514A, as well as the civil enforcement provisions of the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. §§1961-1968, claiming that he was terminated in retaliation for making ethical violation complaints against the defendant to its officers and regulatory agencies.

On January 22, 2016, the defendant moved to compel arbitration of the plaintiff's claims and dismiss or stay the instant action pursuant to Fed.R.Civ.P. 12(b)(6).[1] (Doc. 15). In support of its motion, the defendant argues that, pursuant to provisions of Employment Arbitration Policies dated 2009 and 2011, ("Policies"), the plaintiff previously agreed to resolve all work-

---

[1] Under the guidance of Guidotti v. Legal Helpers Debt Resolution LLC, 716 F.3d 764 (3d Cir. 2013), the magistrate judge applied the standards governing motions for summary judgment pursuant to Fed.R.Civ.P. 56 to the instant motion. In doing so, it was noted that, although the plaintiff's complaint is lengthy, it is devoid of any reference to the employee handbook or the arbitration policies at issue in this case. However, the defendant attached to its motion an affidavit and documents, to which the plaintiff responded by providing his own documentation.

related disputes with the defendant, including those contained in the complaint, exclusively through binding arbitration. The defendant argues that such arbitration is governed by the Federal Arbitration Act, ("FAA"). 9 U.S.C. §1, et seq., and the application of federal case law. In response to the defendant's motion, the plaintiff argues that the 2009 and 2011 Policies do not apply to his claims or, in the alternative, that the policies are invalid as they are unconscionable.

On June 21, 2016, the magistrate judge entered the instant report, in which he recommends that the motion to compel arbitration and dismiss or stay the plaintiff's complaint be granted in part and denied in part. Specifically, it is recommended that the motion to compel arbitration be granted with respect to the plaintiff's RICO claim and denied with respect to the plaintiff's SOX claim without prejudice to the defendant to raise any other appropriate grounds for dismissal. It is further recommended that the parties be directed to proceed to arbitration on the RICO claim pursuant to the terms of the 2009 and 2011 arbitration Policies and that they be directed to provide the court with quarterly reports commencing September 1, 2016, informing the court of the status of the arbitration proceedings. Both parties have filed objections to the report and recommendation. (Doc. 34, Doc. 35, Doc. 39).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

3

the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In considering whether the parties' responses to the magistrate judge's report, the defendant objects to the report only insofar as the magistrate judge determined that the plaintiff's SOX claim is not subject to arbitration and, as such, that the defendant's motion to compel arbitration should be denied with

respect to that claim. For the reasons discussed below, the defendant's objection will be sustained.

In determining whether the plaintiff's SOX claim is subject to arbitration, the magistrate judge noted that the plaintiff did not contest the existence of the 2009 and 2011 Policies, both of which make arbitration the required and exclusive forum for the resolution of all disputes, other than disputes which by statute are not arbitrable, arising out of, or an any way related to, employment based on legally protected rights (i.e., statutory, regulatory, contractual, or common-law rights) that may arise between the defendant and its employees. Upon review, the magistrate judge determined that the 2009 Policy expressly covers SOX claims while the 2011 Policy does not. It was observed that neither Policy contains language that the 2011 Policy supercedes the 2009 Policy. As such, the magistrate judge found that the Policies are mutually exclusive.

Having concluded that the Policies are mutually exclusive, the magistrate judge went on to determine whether the plaintiff's claims fall within the scope of either Policy or both. In doing so, the magistrate judge noted that in 2010 Congress amended the SOX provision under which the plaintiff brings his claim through the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, ("Dodd-Frank"), which provides, in relevant part, as follows:

5

> No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section.

18 U.S.C. §1514A(e)(2). In considering the plaintiff's claims, the magistrate judge determined that the plaintiff's cause of action accrued on April 21, 2013, when his employment was terminated. Because the cause of action accrued after the SOX amendment invalidating predispute arbitration agreements was in effect, the magistrate judge determined that the plaintiff's SOX claim is not subject to arbitration.

In its objection, the defendant argues that the Dodd-Frank amendment to SOX prohibiting pre-dispute agreements to arbitrate does not operate retroactively to bar the plaintiff's agreement to arbitrate his SOX claim pursuant to the 2009 Policy. This court recently considered whether the Dodd-Frank Act's prohibition on arbitration clauses in home loan agreements[2] applied retroactively. Davies v. Green Tree Servicing, LLC, 2015 WL 3795621 (M.D.Pa. June 18, 2015). As the Third Circuit has not yet decided the issue, this court took guidance from other courts which had considered whether the

---

[2]In addition to containing an anti-arbitration provision in whistleblower cases, the Dodd-Frank Act contains a prohibition on arbitration clauses in home loan agreements. Specifically, the Act provides that "[n]o residential mortgage loan and no extension of credit under an open end consumer credit plan secured by the principal dwelling of the consumer may include terms which require arbitration or any other nonjudicial procedure as the method for resolving any controversy or settling any claims arising out of the transaction." 15 U.S.C. §1639c(e)(1).

Dodd-Frank Act's anti-arbitration provisions applied retroactively. In doing so, the court relied in part on Khazin v. TD Ameritrade Holding Corp., 2014 WL 940703 (D.N.J. Mar. 11, 2014), *aff'd on other grounds*, 773 F.3d 488 (3d Cir. 2014), wherein the district court of New Jersey found that the anti-arbitration provision of Dodd-Frank regarding whistleblower retaliation claims, i.e., the same provision at issue in the instant action, did not apply retroactively to preexisting arbitration provisions. Other decisions considered by the court included Weller v. HSBC Mortgage Servs., Inc., 971 F.Supp.2d 1072 (D.Colo. 2013); Blackwell v. Bank of Am. Corp., 2012 WL 1229673 (D.S.C. Mar. 22, 2012); Henderson v. Masco Framing Corp., 2011 WL 3022535 (D.Nev. July 22, 2011); and Richards v. Gibson, 2015 WL 926594 (S.D.Miss. Mar. 4, 2015), all of which found the anti-arbitration provisions of Dodd-Frank did not apply retroactively to preexisting arbitration agreements. On the other side of the issue, the court considered Pezza v. Investors Capital Corp., 767 F.Supp.2d 225 (D.Mass. 2011) and Wong v. CKX, Inc., 890 F.Supp.2d 411 (S.D.N.Y. 2012), which found that the Dodd-Frank amendments would apply retroactively. In weighing all of these decisions, this court concurred with the majority of the district courts which found that the anti-arbitration provisions of Dodd-Frank should not be applied retroactively.

After recognizing that the anti-arbitration provision applicable in Davies did not contain any indication that Congress intended it to apply retroactively,

as is also the case with respect to the anti-arbitration provision applicable here, this court stated:

As the court in Richards, 2015 U.S. LEXIS 26325, *8-*9, 2015 WL 926594, *3, stated:

> [N]ot only is there a well-settled presumption against applying statutes retroactively, see Landgraf, 511 U.S. at 263-65, but also "arbitration is primarily a contractual matter governed by the law of contracts . . ." See Weller, 971 F.Supp.2d at 1079. Thus, the Court agrees with the numerous courts that "have concluded that the right to insist on arbitration is not just a matter of where the claims may be heard but a question of vested, contractual rights, which may not be retroactively withdrawn absent clear congressional intent to that effect[,]" which is lacking here. See id. "An arbitration agreement creates a right, one that under the [Federal Arbitration Act] is 'irrevocable.'" Id. (quoting 9 U.S.C. §2). Furthermore, the Supreme Court has explicitly stated that "courts must place arbitration agreements on an equal footing with other contracts, . . . and enforce them according to their terms . . ." Concepcion, 131 S.Ct. at 1745; see also Weller, 971 F.Supp.2d at 1079. For all these reasons and those discussed previously, the Court finds that [the anti-arbitration provision] §1639c(e) does not apply retroactively.

Davies, 2015 WL 3795621, at *6.

Similar to the courts in Richards and Weller, this court "agree[d] with the numerous courts that 'have concluded that the right to insist on arbitration is not just a matter of where the claims may be heard but a question of vested, contractual rights, which may not be retroactively withdrawn absent clear congressional intent to that effect[,]' which is lacking here." Id. (citing Weller, supra).

The parties in this case entered into an agreement to arbitrate their

8

disputes long before the passage of the Dodd-Frank Act amendments. Nothing presented in this case alters the court's opinion that the anti-arbitration provisions of the Dodd-Frank Act do not apply retroactively so as to bar the parties from arbitrating the matters which arise out of this action. As such, the court will sustain the objection of the defendant in this respect and direct that the plaintiff's SOX claims be submitted to arbitration.

With respect to the plaintiff's objections, the plaintiff initially appears to challenge whether the 2009 and 2011 Arbitration Agreements are valid and enforceable to cover his claims. The court has reviewed the report of the magistrate judge in this respect and finds no error with respect to his findings on the existence and scope of the arbitration agreements. As discussed, the plaintiff does not and cannot argue that the 2009 and 2011 Policies exist. Upon review, both Policies make arbitration the required and exclusive forum for the resolution of all disputes arising out of, or in any way related to, employment based on legally protected rights that may arise between the defendant and its employees. The plaintiff acknowledged the provisions of those Agreements electronically. As found by the magistrate judge, the plaintiff's continued employment would constitute the necessary consideration for the arbitration agreements. With all of these factors present, the court finds that the arbitration agreements are both valid and enforceable. As such, the plaintiff's objections will be overruled on this basis.

The plaintiff next argues that the arbitration agreements appeared to be clear and unmistakable and that employees were led to "believe that each agreement superseded all previous agreements," apparently in an attempt to challenge the magistrate judge's finding that the 2011 Policy did not supercede the 2009 Policy. However, the court finds no error in the magistrate judge's determination that the 2011 Policy does not supercede the 2009 Policy, and instead, the Policies are mutually exclusive with the plaintiff's claims subject to arbitration under either or both.

In his objections, the plaintiff also appears to be under the mistaken belief that compelling his RICO claim to arbitration would result in "the trial portion [of his claim going] to federal court, then to arbitration only for the assignment of damages." However, under the terms of the arbitration agreements to which the plaintiff's claims are to be subjected, the entirety of the plaintiff's claims is subject to arbitration and, thus, the claims will in no way be "split" as the plaintiff argues. The plaintiff's objections will be overruled on this basis.

As a final matter, the plaintiff apparently is challenging in his objections a separate order issued by the magistrate judge striking the plaintiff's motion for summary judgment as premature. (Doc. 32).[3] Because the court finds that

---

[3]It is noted that the plaintiff has since raised the same issue in a notice of appeal filed with the United States Court of Appeals for the Third Circuit.
(continued...)

the defendant's motion to compel arbitration should be granted in its entirety and this matter should be dismissed in this court, any such argument is at this point of no consequence. The plaintiff's objections will be overruled on this basis as well.

On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 30, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2076-01.wpd

---

[3](...continued)
(Doc. 37).