## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ABDUL A. JALUDI, | |
| Plaintiff, | No. 3:15-cv-02076-MEM-JFS |
|  | (Judge Joseph F. Saporito, Jr. |
| v. | United States Magistrate Judge) |
| CITIGROUP, et al. | |
| Defendant. | |

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12, Defendant,[1] by and through counsel, files this Motion to Dismiss Plaintiff Abdul A. Jaludi's ("Plaintiff") Complaint for the reasons stated below and in the accompanying memorandum.

1. The only claim currently before the Court is Plaintiff's claim for retaliation under the Sarbanes-Oxley Act ("SOX"), because the Third Circuit affirmed this Court's decision to compel Plaintiff's claim under the Racketeer

---

[1] In this employment-related action, Plaintiff was last employed by Citigroup Technology, Inc., but erroneously identifies the defendant as "Citigroup and company," including "one or more of its direct or indirect subsidiaries." "Citigroup and company" is not a legal entity. Citigroup Technology, Inc. is, therefore, is the appropriate defendant in this matter, but nevertheless files this motion on behalf of any Citigroup-related legal entities that Plaintiff believes, and the Court may find, to be a party to his Complaint (referred to herein as "Citi").

Influenced and Corrupt Organizations Act ("RICO") to arbitration, but reversed and remanded this Court's decision to compel Plaintiff's SOX claim to arbitration.

2. Plaintiff's SOX claim should be dismissed as untimely.

3. SOX has a 180-day statute of limitations. Plaintiff did not file his SOX claim in this Court until on October 27, 2015, more than two-and-a-half years following his termination of employment, and did not file his SOX claim with the Occupational Safety and Health Administration of the United States Department of Labor ("OSHA") (where it was required to be filed first, 18 U.S.C. § 1514A(b)(1)(A)) until February 23, 2018, almost five years after such termination.

4. Plaintiff's Complaint does not adequately allege any adverse action under SOX during the 180-day window before his OSHA complaint or, for that matter, before the filing of the Complaint in this case. To the extent it is unclear from the Complaint that any allegation of an adverse action is untimely, such allegation is not adequately pled to state a plausible claim for relief.

5. Moreover, because Plaintiff continues to pursue his SOX claim before OSHA simultaneously with his SOX claim before this Court, to the extent any SOX claim is found to survive this motion to dismiss, the Court should stay this case pending resolution of proceedings before the Department of Labor.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint.

Dated:  October 8, 2019                    Respectfully submitted,

   /s/ Christen L. Casale
Christen L. Casale (PA ID #320638)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001

Thomas A. Linthorst (NJ ID #040842000)
(admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
Tel:  (609) 919-6642
Fax:  (609) 919-6701

*Counsel for Defendant*