# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA

ABDUL A. JALUDI, :
:
      Plaintiff, :   No. 3:15-cv-02076-MEM-JFS
:   (Judge Joseph F. Saporito, Jr.)
:   United States Magistrate Judge
   v. :
:
CITIGROUP, et al. :
:
      Defendant. :

## PLAINTIFF"S BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Abdul A. Jaludi
106 Maple Ct
Milford, PA 18337
Tel: 845-699-7873
*Plaintiff*

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................... 1

II. PLAINTIFF'S ALLEGATIONS .................................................................. 1

III. QUESTIONS PRESENTED ................................................................ ….2

    A. QUESTION ONE: Whether Citigroup's admission that the claim was timely filed in their response to OSHA amounted to a waiver of the Statute of Limitations Affirmative Defense and if so should the Plaintiff be given leave to amend the complaint? ................................................ 4

    SUGGESTED ANSWER: YES

    B. QUESTION TWO: Whether Defendant waived the Statute of Limitations Affirmative Defense through their actions?..................................................8

    SUGGESTED ANSWER: YES

    C. QUESTION THREE Whether Plaintiff has sufficiently pled a claim for relief under SOX retaliation? ............................................................. …..11

    SUGGESTED ANSWER: YES

    D. QUESTION FOUR: Whether the Court should stay this case because this case is currently before OSHA? ............................................................. 13
    ANSWER: YES

IV. ARGUMENT ................................................................................... 2

V. CONCLUSION ……………………………………………………………14

This case involves whistleblower claims under federal law against Defendant Citigroup. The Plaintiff, Abdul A Jaludi, was a successful Citigroup employee with a bright future in the company, until he called into question certain practices that he felt were improper under internal policies and protocols and were also a violation of law as well. After reporting these concerns, Mr. Jaludi was marked for retaliation.

## I.   INTRODUCTION

Defendant Citigroup raises objections to Plaintiff's complaint on the basis of being time barred under SOX 180-day statute of limitations four causes of action, none of which are valid grounds for dismissing Plaintiff's claims. Accordingly, Defendant's Motion should be denied and the parties should be permitted to proceed to discovery.

## II.   ALLEGATIONS

Plaintiff's whistleblower and wrongful termination claims are based on sufficient allegations set forth in the Complaint. Rather than repeat that narrative here, Plaintiff incorporates those allegations by reference and attaches a copy of the Complaint as Exhibit A.

III. **QUESTIONS PRESENTED**

 E. QUESTION ONE: Whether Citigroup's admission that the claim was timely filed in their response to OSHA amounted to a waiver of the Statute of Limitations Affirmative Defense and if so should the Plaintiff be given leave to amend the complaint? .............................................. 4

 SUGGESTED ANSWER: YES

 F. QUESTION TWO: Whether Defendant waived the Statute of Limitations Affirmative Defense through their actions?

 SUGGESTED ANSWER: YES

 G. QUESTION THREE Whether Plaintiff has sufficiently pled a claim for relief under SOX retaliation? ............................................................ 5

 SUGGESTED ANSWER: YES

 H. QUESTION FOUR: Whether the Court should stay this case because this case is currently before OSHA? ................................................................ 5

 SUGGESTED ANSWER: YES

IV. **ARGUMENT**

 **STANDARD OF REVIEW**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to

offer evidence in support of their claims. *in re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215-16 (3d Cir.2002)* .

A Rule 12(b)(6) motion will be granted only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Evancho v. Fisher,* 423 F.3d 347,351 (3d Cir. 2005). Dismissal under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 558 (2009)). The complaint must contain allegations that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570.

The idea behind statutes of limitations is mainly one of general practicability and fairness. The offending party in any legal dispute knows that he or she committed or may be accused of committing some wrong against the other party. In such a case, the wronged party must decide whether to bring a lawsuit in order to recover for his or her wrong. The law will not tolerate a plaintiff who procrastinates, a plaintiff who delays for effect or one who is negligent or forgetful.

Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. *Schmidt v. Skolas,* No. 13-3750, 13 (3d Cir. 2014)(quoting In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004) (citing Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003) ("[L]itigants need not try to plead around defenses")).

Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss. See *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). Id . In this circuit, however, we permit a limitations defense to be raised by a motion under Rule 12(b)(6) "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Id. (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). However, "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" Id. (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record*." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); see also *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.id (quoting In re 15 Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996), superseded on other grounds by PSLRA, 15 U.S.C. § 78u-4(b)(2)). Matters of public record of which the court can take judicial notice. Id(quoting City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also Pension Benefit Guar. Corp., 998 F.2d at 1197 (explaining that "public record[s]" in this context are materials like decision letters of government agencies and published reports of administrative bodies).

A. **DEFENDANT AFFIRMATIVELY ACKNOWLEDGED THE TIMELINESS OF PLAINTIFFS CLAIM IN THEIR RESPONSE TO OSHA.**

Affirmative defense are subject to waiver. Defendant contends that this complaint was not timely under the SOX Statute of Limitations from its original filing yet defendant acknowledges that the OSHA complaint is timely in their response to the OSHA complaint attached hereto as EX B

The SOX statute of limitations provides that, before filing in federal court, a plaintiff must submit a complaint with OSHA within 180 days of the alleged unlawful practice. *See* 18 U.S.C. § 1514A(b)(2)(D). Defendant is incorrect in their assertion that the claims are not timely filed.

In deciding a motion to dismiss the court is courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); see also Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

Mr. Jaludi in his OSHA complaint made the same allegations as in this complaint and further added additional allegations of retaliation. This complaint does not fail simply because the allegations contained in the OSHA complaint are not contained herein. Since the OSHA complaint and Citigroups response are part of the OSHA administrative process the documents are public record and considered by the court in its decision.

The allegations contained in the OSHA complaint are timely as affirmatively acknowledged by Citigroup in the response to the OSA complaint and in the Motion to Dismiss  "Plaintiff's sole timely addition relates to an alleged interaction with a headhunter on December 20, 2017." Defendants Motion to Dismiss Pg 4.  "A complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense". *Schmidt v. Skol***as**, No. 13-3750, 13 (3d Cir. 2014)(quoting In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004) (citing Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003) ("[L]itigants need not try to plead around defenses"))

 "If a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)).  Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed.R.Civ.P. 15(a).

Defendants acknowledged the timelines of the complaint in their  response to the OSHA Complaint. EX. B

As Defendant admits that the OSHA complaint is timely and as they have filed a response to the complaint it would be improper to dismiss this complaint on Statute of Limitations grounds, wherein the Plaintiff can amend the complaint to cure any deficiencies.

### B. DEFENDANT INTELLIGENTLY WAIVED THE STATUTE OF LIMITATIONS DEFENSE BY THEIR ACTIONS

Affirmative defense are subject to waiver. Defendant contends that this complaint was not timely under the SOX Statute of Limitations from its original filing yet defendant never filed a motion to dismiss as untimely even though they acknowledged that they were aware of the statute of limitations issue on 2/5/16. Instead, Defendant proceeded to file a motion to compel arbitration on the merits and further having the matter appealed to the 3rd circuit to adjudicate the issue of Arbitration.

In American law, a statute of limitations defense has been a classic example of an affirmative defense left to the defendant to raise and prove and subject to waiver, forfeiture, and tolling. See Fed. R. Civ. P. 8(c) (listing "statute of limitations" as among the "affirmative defenses" that a defendant "shall set forth affirmatively"); *Day v. McDonough*, 547 U.S. 198, 205 (2006) ("A statute of limitations defense . . . is not 'jurisdictional,' hence courts are under no obligation to raise the time bar sua sponte."); *Zipes v. Trans World Airlines, Inc.*,

455 U.S. 385, 393 (1982) (stating that, rather than being "a jurisdictional prerequisite . . . a statute of limitations, is subject to waiver, estoppel, and equitable tolling").  Accordingly, a statute of limitations may be voluntarily waived by a defendant, forfeited by a defendant who fails to plead it in an answer to a complaint, or tolled for the plaintiff for compelling equitable reasons.

The defendant has shown by their actions that they waived the Affirmative Defense and intended to litigate the matter on the merits by filing to have the case moved to Arbitration and further having the merits of whether Arbitration applies to SOX claims brought before the Appeals court.  It is only after the Appeals court ruled in Plaintiffs favor that the defendant now raises the issue of Statute of Limitations Affirmative Defense. The Defendant proceeded to litigate this matter by motion to compel arbitration then again by pleading the case to the Appeals court waiting courts resources and time.

"Failure to exhaust administrative remedies is an affirmative defense that must be pleaded". See *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). If not raised in a timely manner, the defense is waived. See *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir.1991) ("Failure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of

that defense."). To conserve judicial resources and avoid prejudice to the opposing party, a defendant must raise the defense early in the litigation. See *Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012); Cetel v. Kirwan Fin. Grp., Inc., 460 F.3d 494, 506 (3d Cir. 2006).

Here although defendant is under no obligation to assert the defense early in litigation, *Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012) ("Although it is true that parties should generally assert affirmative defenses early in the litigation, there is no firm rule. *See Cetel,* 460 F.3d at 506.") Defendant has wasted court resources by spending years litigating the arbitration matter to the Appeals Court and by prejudicing the Plaintiff to other causes of action that could have been raised rather than expending resources litigating the arbitration issue.

The decision not to file a statute of limitations affirmative defense before spending years to litigate the matter to enforce an employment agreement shows an intelligent waiver of the affirmative defense and a desire to litigate the matter on the merits and a dismissal would frustrate the frustrate the goals of avoiding prejudice and conserving judicial resources.

Plaintiff's complaint should not be dismissed as the defendant through their actions has showed that they intelligently waived the statute of limitations affirmative defense.

### C. PLAINTIFF HAS PLED A CLAIM SHOWING PROTECTED ACTIVITY AND ADVERSE ACTION UPON WHICH RELIEF CAN BE GRANTED

In order to make out a *prima facie* case for a whistleblower claim under section 806 of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, a plaintiff must allege that:

> (i) The employee engaged in a protected activity or conduct; (ii) The named person knew or suspected, actually or constructively, that the employee engaged in the protected activity; (iii) The employee suffered an unfavorable personnel action; and (iv) The circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the unfavorable action.

29 C.F.R. 1980.104(b)(1). Mr. Jaludi has made out a *prima facie* case against the Defendant.

Mr. Jaludi engaged in protected activity. To engage in protected activity, all Mr. Jaludi must allege is that he reasonably believed that the reported conduct violated SEC laws.

> An employee's reasonable belief must be analyzed under a subjective and an objective standard. *Id.* As such, "[t]he objective reasonableness of a belief is evaluated based on the knowledge available to a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee." *Id.*

According to the complaint Mr. Jaludi worked for approximately twenty four years rising from an entry level position of tape operator to Senior Vice

President. (Complaint ¶ 8) Mr. Jaludi's responsibilities included maintaining computer systems and Enterprise Systems Management. One of his functions was to ensure that problems were properly resolved and documented into the computer problem management system (EMS). In his capacity as head of the Enterprise System Management he noticed that the EMS tickets were being misclassified from a high priority ticket, which involves large dollar amounts to lower priority tickets.  He also noticed that some EMS tickets were being deleted from the system and that these tickets affected very large dollar amounts that prevented deposits from being posted to customer accounts within regulatory requirements. (Complaint ¶ 10- 11)

    Mr. Jaludi was in a protected activity.  Defendant Citigroup assigned Mr. Jaludi to work for on Enterprise System Management and his duties included the responsibility for the EMS ticketing system. Mr Jaludi reported the discrepancies regarding the deleted, changed and not reported tickets to his management. Mr. Jaludi continued to report the discrepancies as they continued to occur. (Complaint ¶ 12-15)

    Mr. Jaludi was told to keep his mouth shut and was subsequently demoted one level. Mr. Jaludi again voiced his concern about what had happened and again he was demoted to a final entry level position to a job in which he had no

knowledge of and was told to learn it. (Complaint ¶ 19-21) These actions clearly show that Mr. Jaludi suffered an unfavorable adverse to protected activity.

SOX protects employees from being discharged, demoted, suspended, *threatened, harassed, or discriminated against in any other manner*. See, 18 U.S.C. §1514A(a). Mr. Jaludi has alleged sufficient facts that he was singled out and punished for his protected activity. Here Mr. Jaludis circumstances need only show by a preponderance of the evidence that his protected action was a contributing factor in the unfavorable personnel action.

Mr. Jaludi has sufficiently shown that an adverse action resulted from his protected activity and his SOX claim should proceed.

### D. THE CASE SHOULD BE STAYED PENDING A DECISION BY OSHA OR BY ALLOWING PLAINTIFF TO DISMISS THE OSHA COMPLAINT AND PROCEED IN FEDERAL COURT

The Sarbanes-Oxley Act requires that, If the Department of Labor has not issued a final decision within 180 days of the filing of the complaint and the delay is not a result of the complainant's bad faith, the complainant may file an action for de novo review in federal district court. 18 U.S.C. § 1514A(b)(1)(B).

Plaintiff has a complaint pending before OSHA. The OSHA complaint was filed on February 23, 2018 and states facts that are not a part of this complaint. Mr. Jaludi is prepared to remove the OSHA complaint to this federal court and dismiss his OSHA complaint.

The Defendant has argued that the case is untimely due to the filing of the OSHA complaint but acknowledged that the additional allegations in the OSHA complaint are timely. Thus it becomes unclear whether there timeliness acknowledgement to the additional allegations in the OSHA complaint and Mr. Jaludi's argument to the intelligent waiver render this motion moot as the case is timely or if the Defendant is arguing both that the case is both timely and untimely.  Mr Jaludi is prepared to have the case moved to Federal Court

## V.     CONCLUSION:

For the above reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss as to all claims. In the alternative, Plaintiff respectfully requests leave to amend the Complaint and have the court case stayed.

Respectfully submitted,

/s/ Abdul A. Jaludi
Abdul A. Jaludi
106 Maple Ct
Milford, PA 18337
Tel: 845-699-7873
*Plaintiff*