# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL A. JALUDI, | : | |
| Plaintiff, | : | No. 3:15-cv-02076-MEM-JFS |
| | : | (Mannion, J.) |
| v. | : | (Saporito, M.J.) |
| CITIGROUP, et al. | : | |
| Defendant. | : | |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Citigroup Inc.[1] ("Defendant," or "Citi") files this Response in Opposition to Plaintiff Abdul A. Jaludi's November 11, 2019 motion (ECF 62).

## I. INTRODUCTION

Plaintiff seeks to have this Court reconsider its Opinion and Order (ECF 40-41) overruling Plaintiff's objection to Magistrate Judge Saporito's Order (ECF 32) striking his summary judgment motion as premature, without prejudice to refiling once discovery is completed. The Court should deny the motion.

First, it is three years after the Court's Order and far beyond the 14 days provided to file a motion for reconsideration under Local Rule 7.10.

Moreover, there is no valid basis to overturn Magistrate Judge Saporito's Order striking his summary judgment motion as premature, but permitting Plaintiff to file once discovery is completed. This Court reviews the Order only to determine if it was clearly erroneous or contrary to law. The Order was neither of these. Plaintiff filed for summary judgment before the pleadings had been closed, and before it was even determined if the action would proceed in court. It would have deprived Citi of the benefit of its arbitration agreement if it had to respond to a motion for summary judgment in court before it was even determined whether

---

[1] In this employment-related action, Plaintiff was last employed by Citigroup Technology, Inc., but erroneously identifies the defendant as "Citigroup and company," including "one or more of its direct or indirect subsidiaries." "Citigroup and company" is not a legal entity. Citigroup Technology, Inc. is, therefore, is the appropriate defendant in this matter. Defendant, however, discloses the information for the publicly-traded entity, Citigroup Inc.

2

the case would be arbitrated.  In addition, no discovery had been conducted.  Magistrate Judge Saporito relied on the Court's inherent power to manage its docket and struck the motion without prejudice to refiling after the close of discovery.  There was no clear error, nor was the Order contrary to law.

Nor should Plaintiff be permitted to file a motion for summary judgment now.  Citi's motion to dismiss is pending and, if granted, would result in the dismissal of the case in its entirety.  There still has been no discovery conducted, nor should discovery commence unless and until it is decided whether the case will go forward and, if so, on which allegations.

For these reasons and those set forth in more detail below, Plaintiff's Motion should be denied.

## II.  **PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on October 27, 2015.  (ECF 1).  Defendant responded with a motion to compel arbitration on January 22, 2016.  (ECF 15-16).  While the motion to compel arbitration was pending, Plaintiff filed a motion for summary judgment on May 4, 2016 (ECF 25), which Citigroup moved to strike on May 19, 2016 (ECF 28-29).  On June 21, 2016, Magistrate Judge Saporito entered an Order striking Plaintiff's motion for summary judgment as premature and "without prejudice to the plaintiff's right to refile this or a substantially different motion for summary judgment ***after the close of discovery***."  (ECF 32) (emphasis

3

added). On the same day, the Magistrate Judge also entered a Report and Recommendation recommending that Plaintiff's Racketeer Influenced and Corruption Organizations Act ("RICO") (18 U.S.C. §§19 61-19 68) claim be compelled to arbitration pursuant to the terms of relevant arbitration agreements, but that Jaludi's SOX claim not be compelled to arbitration pursuant to 18 U.S.C. § 1514A(e)(2), which prohibits pre-dispute agreements to arbitrate SOX claims. (ECF 33). On July 18, 2016, Jaludi appealed the Order striking his motion for summary judgment to the Third Circuit. (ECF 37).

Both parties filed objections to the Magistrate Judge's June 21, 2016 Report and Recommendation regarding arbitration, and Plaintiff apparently included an objection to the Order striking his motion for summary judgment. (ECF 34-35). On August 30, 2016, this Court issued its Memorandum and Order sustaining Citigroup's and overruling Jaludi's objections to the Report and Recommendation and ordering Jaludi's RICO and SOX claims to arbitration pursuant to the terms of the relevant arbitration agreements. (ECF 40-41).

This Court's Memorandum and Order also overruled Plaintiff's objection to the Magistrate Judge's June 21, 2016 Order striking his motion for summary judgment without prejudice. *Id.* On September 8, 2016, Jaludi filed an appeal from this Court's Memorandum and Order regarding the arbitrability of his claims. (ECF 42).

On October 5, 2016, the Third Circuit dismissed Plaintiff's July 18th appeal of the June 21, 2016 Order striking his motion for summary judgment, for lack of appellate jurisdiction. (ECF 45). Later, on August 6, 2019 the Third Circuit affirmed in part and reversed in part this Court's August 3, 2016 Order, and affirmed the Order compelling Plaintiff's RICO claim to arbitration, but found that Plaintiff's SOX claim should proceed before the District Court. *Jaludi v. Citigroup*, 933 F.3d 246, 248 (3d Cir. 2019). Plaintiff's SOX claim was therefore remanded back to this Court.

On remand, Defendant filed a Motion to Dismiss for failure to state a claim seeking to dismiss the SOX claim. (ECF 55-56). This motion is still being briefed. Plaintiff filed the instant Motion on November 8, 2019 (ECF 62) asking the Court to reconsider its August 30, 2016 Opinion and Order (ECF 40-41) denying Plaintiff's objection to the Magistrate Judge's June 21, 2016 Order (ECF 32) striking Plaintiff's motion for summary judgment.

### III. ARGUMENT

#### A. There Is No Basis To Challenge This Court's Order Denying Plaintiff's Objection.

As an initial matter, Plaintiff's opportunity to seek reconsideration of this Court's Order overruling his objection to the Magistrate Judge's June 21, 2016 Order striking his motion for summary judgment has long passed. L. R. 7.10 ("Any motion for reconsideration…must be…filed within fourteen (14) days after

the entry of the order concerned."). Plaintiff is more than three years too late, which is reason alone to deny the relief sought.

Moreover, the Magistrate Judge's Order was not clearly erroneous or contrary to law and, as such, Plaintiff's objection was, and is, without merit.

> **1.  Plaintiff's argument that this Court should rule on his motion for summary judgment, because summary judgment can be entered prior to the completion of discovery, fails.**

Local Rule 72.2 provides that, in deciding an appeal of a magistrate judge's order determining a non-dispositive pretrial motion, the Judge is to set aside only those portions of the magistrate's order "found to be clearly erroneous or contrary to law." L. R. Civ. P. 72.2. The Order at issue here was neither, and Plaintiff has failed to demonstrate otherwise.

Plaintiff argues in this instant motion that "[t]here is no requirement within the rules to wait for the completion of discovery before a motion for summary judgment could be submitted." Pl. Br. 3-4. That is true, but that does not render Magistrate Judge Saporito's Order clearly erroneous or contrary to law.

This is not a case where extensive discovery has been exchanged but is not yet complete. This is a case where no discovery has been conducted because, initially, it had to be determined whether the claims would be arbitrated, and now, it must be determined if Plaintiff's lone claim under SOX can survive a motion to dismiss. Discovery should await a determination of whether the SOX claim can

move forward and, if so, on which allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (the "doors of discovery" are not "unlock[ed]" unless plaintiff has adequately stated a claim under Fed. R. Civ. P. 8). And a motion for summary judgment should await discovery.

Courts routinely deny or strike motions for summary judgment where, as here, no Rule 26(f) or Rule 16 conference has occurred and no discovery has been conducted. The Third Circuit has held that "it is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery. This is necessary because, by its very nature, the summary judgment process presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007); *see also, Harley v. Paulson*, No. 07-3559, 2008 WL 5189931 (D.N.J. Dec. 9, 2008) (holding that summary judgment was premature and court could not conclude that there were no genuine issues as to any material facts where defendant had not yet answered plaintiff's complaint and no discovery had occurred); *Morris v. Levi*, No. 08-cv-3842, 2009 WL 4043300 (E.D. Pa. Nov. 23, 2009) (same).

In *Barak v. HSBC Bank, NA*, No. 12-835, 2013 WL 2949132, at*4-5 (D. Del. June 14, 2013), the Court denied a *pro se* Plaintiff's motion for summary judgment filed before the Court had decided defendant's motion to dismiss where, as here, no Rule 26(f) or Rule 16 conferences had been held and no discovery had

7

been conducted. *Barak*, 2013 WL 2949132, at*4-5. In so holding, the Court explained that "[n]o discovery has been authorized, and defendant has had no opportunity to explore the issues and develop its defenses through the discovery process. Therefore, plaintiff's motion for summary judgment is denied." *Id*.; *see also McIntosh v. Wells Fargo Bank, N.A.*, No. 12-01218, 2012 WL 5868889, at *8 (D. Az. Nov. 19, 2012) ("Summary judgment should not be entered where relevant evidence remains to be discovered. In light of the virtually non-existent evidentiary record, summary judgment at this stage would be premature. No discovery has taken place, and it is plain from the Court's review of Plaintiff's motion that his claims have not been thoroughly developed.").

Deciding summary judgment this early in litigation would be premature. *Thompson v. Dep't of Servs. for Children, Youth & their Famlies*, No. CV 18-1236 (MN), 2019 WL 4222647, at *1 (D. Del. Sept. 5, 2019) ("In this case, there has been no responsive pleading, no scheduling order, and no discovery. Therefore, it is premature for the Court to address summary judgment motions."); *Jackson v. Carter*, No. CV168968KMMAH, 2017 WL 2426862, at *2 (D.N.J. June 5, 2017) ("Plaintiff's summary judgment motion will be denied as premature. There has been no discovery; indeed, the defendants have not yet even answered the Complaint, as their partial motion to dismiss has suspended the time to answer.").

Because there has been no discovery, there is no evidentiary record of any kind upon which to base summary judgment. Moreover, when the Magistrate Judge struck Plaintiff's motion for summary judgment as premature, it invited him to "refile this or a substantially different motion for summary judgment *after the close of discovery*." (ECF 32) (emphasis added).

### 2. Plaintiff's argument that Defendant was required to support its motion to strike with a Rule 56(d) affidavit is without merit.

Plaintiff also argues that Defendant's motion to strike should not have been granted in the absence of a Rule 56(d) affidavit. Pl. Br. at 3-4.

No Rule 56(d) affidavit was or is needed here given that there has been no discovery. The decision to strike Plaintiff's motion for summary judgment was a valid exercise of the Court's inherent power to manage its docket. *See, e.g., Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (acknowledging that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

In any event, if the case is allowed to proceed, it is self-evident that discovery will be required on all issues of liability and damages because *no discovery* has been conducted. The parties, however, do not know yet whether the case will move forward at all, and if so, on which allegations. Once that determination has been made, Defendant will need to serve written discovery

(document demands and interrogatories) on Plaintiff tailored to the issues of liability and damages that are permitted to proceed (if any), and take Plaintiff's deposition. Only through such discovery could Citi defend itself against Plaintiff's allegations of protected conduct, retaliation, and damages. If the Court requires an affidavit, one will be provided, but it is unnecessary when no discovery has been conducted and it is clear that discovery will be needed to oppose summary judgment. *See Croker v. Applica Consumer Prod., Inc.*, No. CIV. 05-3054 (RBK), 2006 WL 626425, at *3 (D.N.J. Mar. 10, 2006) ("Nevertheless, the failure to attach a Rule 56(f) affidavit is not automatically fatal to the Rule 56(f) consideration if the requisite information is provided in the party's opposition to the summary judgment motion."); *Mogyrossy v. Comfort Inn*, 173 F.R.D. 134, 137–38 (E.D. Pa. 1997) ("[E]ven though the plaintiffs have not filed an affidavit, they have identified information that has yet to be discovered, shown that this information will affect summary judgment, and shown why the discovery has not previously been obtained.").

Plaintiff's cases are plainly distinguishable. *Handy v. City of Sheridan*, 636 Fed. App'x 728 (10th Cir. 2016) (finding that the district court did not abuse its discretion by entering summary judgment instead of ordering additional discovery, where discovery had already ended); *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1124 (10th Cir. 2008) ("extensive" discovery had already taken

10

place); *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (party opposing summary judgment failed to request a continuance and did not inform the district court how additional discovery would assist opposition to summary judgment); *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (partially affirming district court's granting of summary judgment where party opposing summary judgment did not provide enough detail regarding "what discovery would be needed and on what aspect of the summary judgment motion.").[2]

## IV.   CONCLUSION

Because Plaintiff's motion for reconsideration is untimely, and because Magistrate Judge Saporito's Order striking Plaintiff's summary judgment motion as premature, without prejudice to refiling once discovery is completed, is not clearly erroneous or contrary to law, the Court should deny Plaintiff's motion.

Dated:  November 22, 2019              Respectfully submitted,

  /s/ Christen L. Casale
Christen L. Casale (PA ID #320638)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001

---

[2]  Plaintiff's motion additionally appears to argue that his RICO claim should not be moved to arbitration, because doing so would "split the case into two sections...." Pl. Br. at 2.  The Third Circuit has already affirmed the ruling that Plaintiff's RICO claim be compelled to arbitration.  *Jaludi*, 933 F.3d at 248.

        Thomas A. Linthorst (NJ ID #040842000)
        (admitted *pro hac vice*)
        MORGAN LEWIS & BOCKIUS LLP
        502 Carnegie Center
        Princeton, NJ 08540
        Tel:  (609) 919-6642
        Fax:  (609) 919-6701

        *Counsel for Defendant*