UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL A. JALUDI, | :<br>:<br>: |
| Plaintiff, | : No. 3:15-cv-02076-MEM-JFS |
| | : (Mannion, J.) |
| v. | : (Saporito, M.J.) |
| | : |
| CITIGROUP, et al. | : |
| | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS**

In its Motion, Defendant[1] established that Plaintiff's sole claim remaining before this Court, brought under the Sarbanes-Oxley Act of 2002 ("SOX"), should be dismissed because there are no timely allegations in the current Complaint and any potentially timely allegations fail to state a claim upon which relief may be granted. In response, Plaintiff does not allege any new facts or allegations beyond those addressed in the Motion that could cure these deficiencies, and alleges only that Defendant has waived its statute of limitations defense, which is without merit

---

[1] In this employment-related action, Plaintiff was last employed by Citigroup Technology, Inc., but erroneously identifies the defendant as "Citigroup and company," including "one or more of its direct or indirect subsidiaries." "Citigroup and company" is not a legal entity. Citigroup Technology, Inc. is, therefore, is the appropriate defendant in this matter, but nevertheless files this motion on behalf of any Citigroup-related legal entities that Plaintiff believes, and the Court may find, to be a party to his Complaint (referred to herein as "Citi").

1

because Defendant has properly raised the defense at the first opportunity in this Motion to Dismiss.

Because Plaintiff fails to state a claim upon which relief may be granted, his Complaint should be dismissed in its entirety.

## I. ARGUMENT

### A. Plaintiff's Complaint Includes No Timely Allegations.

The SOX statute of limitations provides that, before filing in federal court, a plaintiff must submit a complaint with OSHA within 180 days of the alleged unlawful practice. *See* 18 U.S.C. § 1514A(b)(2)(D). As Defendant demonstrated in its Motion, none of Plaintiff's allegations in his Complaint meets this standard and his SOX claim should therefore be dismissed.

Plaintiff's argument that "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense" is misplaced. Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (ECF 63) ("Pl. Br.") at 7. Defendant's untimeliness defense in this Motion is based on the allegations on the face of the Complaint. As demonstrated in its opening Memorandum, based on the date of Plaintiff's OSHA Complaint, the latest date for a timely allegation against Defendant is August 27, 2017. Defendant's Memorandum in Support of its Motion to Dismiss (ECF 56) ("Def. Mem.") at 7.

On the face of the Complaint, Plaintiff alleges that his termination of employment at Citi occurred on April 21, 2013.  Federal Complaint (ECF 1) ("Fed. Compl.") ¶ 38.  As such, any alleged retaliation up through and including the termination of Plaintiff's employment at Citi is time-barred.

Plaintiff further alleges post-employment adverse actions "[a] year after being dismissed from Citigroup" (or about April 2014) (Fed. Compl. ¶ 45), and in May, September, and November 2014, all of which are untimely.  Fed. Compl. ¶¶ 46-49.  Courts routinely dismiss complaints for failure to state a claim where, as here, it is clear on the face of the complaint that it does not include timely allegations under the operative statute of limitations.[2]  *See, e.g., Maier v. Bucks Cty.*, No. CV 18-4060, 2019 WL 689206, at *5 (E.D. Pa. Feb. 19, 2019) ("a district court may grant a motion under Rule 12(b)(6) raising a limitations defense 'if the face of the complaint' demonstrates that the plaintiff's claims are untimely.") (citation omitted).

---

[2] While Plaintiff refers to "equitable tolling" in his opposition, he has not provided any extraordinary circumstances sufficient to invoke that defense to the statute of limitations here.  *Fenton v. Port Auth. of NY & NJ*, 777 F. App'x 45, 48 (3d Cir. 2019) ("We have instructed that there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.") (citation omitted).

None of the cases Plaintiff cites in support of his argument hold to the contrary. *Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014) (holding that plaintiff's claim not facially time-barred, because whether plaintiff exercised reasonable diligence in discovering his injury could not be resolved on a motion to dismiss for failure to state a claim); *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004) (in shareholder uncertified class action lawsuit alleging violations of the Securities Act, defendants' negative causation theory, that lower share value did not result from any non-disclosure or false statement, was affirmative defense that could not be used at pleading stage to dismiss claim that registration statement and prospectus were misleading in failing to disclose grey market for issuer's golf equipment); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (in lawsuit brought under the Electronic Communications Privacy Act, regarding images of college athletes recorded without their knowledge, the affirmative defense provided by 47 U.S.C.A. § 230(c), which states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," was held an inappropriate basis for Rule 12(b)(6) motion to dismiss).

    None of Plaintiff's Complaint allegations are timely, and his SOX claim should be dismissed.

## B.   Any Potentially Timely Allegations Fail To State A Claim Upon which Relief May Be Granted.

The vast majority of allegations in Plaintiff's Complaint took place on dates falling well outside the applicable statute of limitations period. Plaintiff also asserts several undated allegations, including that he "applied for over a dozen positions with Citigroup, after his termination, for which he was qualified but never received a response." Fed. Compl. 49 ¶. Even assuming *arguendo* these allegations were timely, they provide no basis to believe it is plausible that Plaintiff's alleged protected activity from years earlier was known by anyone who may have reviewed these applications, or that it was a contributing factor in their alleged failure to respond to Plaintiff. *See, e.g., Woodell v. Wenerowicz*, No. CV 18-1098, 2019 WL 4139264, at *14 (E.D. Pa. Aug. 30, 2019) (granting motion to dismiss pursuant to Rule 12(b)(6) where the plaintiff "makes an undated allegation of being 'penalized' for having a neurological disorder. This conclusory allegation, asserted against no particular individual or entity, fails to state a claim for relief."); *Cassell v. Commonwealth of Pennsylvania,* No. CV 16-5141, 2016 WL 5842821, at *3 (E.D. Pa. Oct. 3, 2016) ("[Plaintiff's] complaint fails for the same reasons his prior complaints failed. Most of his claims are barred by Defendant's two-year statute of limitations. To the extent he asserts timely claims, he has pled only vague and conclusory allegations without a factual basis for a plausible claim against a defendant."); *Schweitzer v. United States*, No. 3:CV-08-1806, 2011 WL

5

1422671, at *4 (E.D. Pa. Mar. 28, 2011) (granting Rule 12(b)(6) motion to dismiss because, "[w]hile [plaintiff] attempts to circumvent the statute of limitations bar by arguing numerous different theories including conspiracy and continuing violation, his conclusory allegations fail to support any such theories or associate these Defendants in any way to the remaining Defendants or any alleged illegal activity").

Plaintiff's SOX claim would still fail even if this Court were to consider the allegations from his February 23, 2018 OSHA Complaint ("OSHA Complaint," ECF 56-1). As explained in Defendant's Motion, Plaintiff's OSHA Complaint includes only one new and timely allegation: Plaintiff claims a headhunter contacted him on December 20, 2017, asked if he was looking for a command center position in New York, and failed to return Plaintiff's attempts to reach him after Plaintiff provided the headhunter with a resume. *See* Defendant's Motion at 10-11.[3]

This new allegation does not state a claim upon which relief may be granted, as required to defeat a Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nothing connects Plaintiff's supposed encounter

---

[3] As Plaintiff acknowledges, this allegation relating to an exchange with a headhunter on or after December 20, 2017 is the sole allegation in Plaintiff's OSHA Complaint that is timely. Pl. Br. at 10. To the extent Plaintiff suggests that Defendant has conceded that any other allegations are timely, that suggestion is untrue.

with this headhunter to Defendant, and Plaintiff's opposition offers no new facts in support of this allegation. Plaintiff insists this alleged incident proves that Defendant blacklisted him from future employment in violation of SOX, but provides no factual basis for his conjecture. For the reasons provided in Defendant's Motion, this allegation fails to state a claim. Def. Mem. at 10-11.

To the extent any of Plaintiff's allegations survive Defendant's Motion, Defendant repeats its alternative request for a stay until Plaintiff properly removes his OSHA Complaint, for the reasons provided in Defendant's Memorandum. Def. Mem. at 11-13. It appears Plaintiff does not contest this alternative relief, although he states that he is prepared to remove his OSHA Complaint to this Court, but has not done so. Pl. Br. at 16-17.

### C. Defendant Timely Asserted that Plaintiff's Claims are Time-Barred.

Plaintiff also claims that Defendant waived its argument that the Complaint is untimely by filing a motion to compel arbitration on January 22, 2016 (ECF 15) instead of seeking to dismiss his claims. This is incorrect.

Defendant did not waive the statute of limitations argument by filing to compel arbitration before seeking to have Plaintiff's Complaint dismissed on the merits. In fact, seeking dismissal on the merits before moving to compel arbitration would have risked waiving the right to compel arbitration. *See, e.g., In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 118 (3d Cir. 2012)

(finding defendant waived its right to arbitrate antitrust claims in part because defendant had filed a motion to dismiss and motion for reconsideration).  And it would have been a waste of the Court's and the parties' resources, and inconsistent with the purposes of the Federal Arbitration Act, to brief the merits of this defense in this Court under the Federal Rules when Defendant was seeking to move the case to arbitration.  *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (it was "Congress' clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.").

    Notably, in its opening Memorandum in support of its Motion to Compel Arbitration, Defendant reserved all defenses to the merits in the event the Court denied the Motion to Compel, and in such event, expressly requested the opportunity to file a motion to dismiss on the grounds of failure to exhaust administrative remedies, that Plaintiff's SOX claim is time-barred, and for failure to state a claim.  (ECF 16 at 14 n.7).  In his Report and Recommendation, Magistrate Judge Saporito denied Defendant's Motion to Compel Arbitration with respect to Plaintiff's SOX claim "without prejudice to Citigroup to raise any other appropriate grounds for dismissal…"  (ECF 33 at 19).  That portion of the Report and Recommendation became moot when the District Judge compelled arbitration of the SOX claim, but Defendant promptly renewed its request to file a motion to

dismiss upon remand after the Third Circuit reinstated the SOX claim before this Court.  (*See* ECF 52).

Plaintiff cites no case law indicating that by moving to compel arbitration, Defendant waived its right to assert that Plaintiff's Complaint is untimely. Moreover, although Defendant has consistently raised its statute of limitations defense from the outset, and Plaintiff does not and cannot claim any prejudice, courts do not find a waiver of the defense even when asserted much later in the proceedings.  *See, e.g., Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, No. 4:05-CV-0033, 2006 WL 1289545, at *2 (M.D. Pa. May 9, 2006) ("the failure to plead an affirmative defense in the answer does not automatically result in a waiver. . . . Under Fed.R.Civ.P. 15(a), an answer may be amended at any time by leave of court to include an affirmative defense."); *Jackson v. Comm'r NJSP*, No. CIV. 00-4875, 2005 WL 3542465, at *11 (D.N.J. Dec. 27, 2005) (allowing defendant to plead a statute of limitations defense after the close of discovery).

## II.     CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint in its entirety because Plaintiff's allegations are untimely, and any potentially timely allegations fail to state a claim for relief. Alternatively, if any SOX claim is allowed to proceed, and if Plaintiff continues to proceed on his SOX claim before OSHA, this case should be stayed pending

resolution of proceedings before the Department of Labor or until Plaintiff properly removes the OSHA Complaint to this Court.

Dated:  December 2, 2019                     Respectfully submitted,

/s/ Christen L. Casale
Christen L. Casale (PA ID #320638)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001

Thomas A. Linthorst (NJ ID #040842000)
(admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
Tel:  (609) 919-6642
Fax:  (609) 919-6701

*Counsel for Defendant*